ALICE LIPTON, ADMINISTRATRIX AD PROSEQUENDUM OF ALFRED LIPTON, DECEASED, PLAINTIFF-APPELLANT, v. DREAMLAND PARK COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 18, 1938—Decided January 13, 1939.

For the plaintiff-appellant, *Schotland & Schotland* (*Joseph J. Schotland,* of counsel).

For the defendant-respondent, *William J. Egan* (*Robert L. Hood,* of counsel).

The opinion of the court was delivered by

PORTER, J. The question presented on this appeal is the propriety of a judgment of nonsuit entered at the close of the plaintiff's case by the learned trial judge at the Essex Circuit.

The testimony disclosed that the defendant company conducted an amusement park in the city of Newark, in which was contained a swimming pool for use by its patrons.

On August 1st, 1936, the deceased, Alfred Lipton, eight years of age, accompanied by his stepbrother, John Urig, fifteen years of age, and two other boys, went to the defendant's park and after paying the admission charges went into the pool. The older boys swam out to a float or raft while Alfred and Joseph Whitley, a boy of ten, stayed near shore in apparently shallow water and held on to a rope provided for the purpose. Alfred lost his grip on the rope and went under the surface of the water. At that time he was on the opposite side of the rope from Joseph and but a short distance from him—Joseph estimated about a foot. Joseph testified that the water was over his head at the place where Alfred went under. He tried in vain to reach Alfred to rescue him. There were two lifeguards on duty. They were on the raft, but not on their observation seats. One was instructing a boy in diving and the other one was talking to a girl. When Alfred went down, Joseph immediately called to one of their companions who was on the raft with Alfred's brother John and the lifeguards. John told a lifeguard that his brother had disappeared. The guard told him to go and look in the locker room for him. The boys did so and reported back to the guard that he was not there. Then the guard consented to look for Alfred in the water. He recovered the lifeless body. An autopsy revealed the cause of death as drowning.

The defendant, under the circumstances, was under a duty to use reasonable care for the safeguarding and protection of its patrons in their use of the pool. Whether there was a violation of this duty owing to the deceased by reason of any negligence in the conduct of the lifeguards, which may have been the proximate cause of the boy's death, presented a factual question for the consideration of the jury.

The granting of the nonsuit being erroneous, the judgment will be reversed, and a *venire de novo* issued, costs to abide the event.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Tren-chard, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Walker, JJ. 16.